IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION



| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ERIC SCOTT NEWMAN aka Stagger Lee,<br><br>Defendant. | CR 15–25–BU–DLC<br><br>ORDER |

Before the Court is Defendant Eric Scott Newman's ("Newman") letter which this Court considers to be a Motion for Early Termination of Supervised Release (Doc. 71). In support of this Motion, Newman provides that he has served "almost 2 years" of his three-year supervised release sentence, "all without incident," is "classified as compliant low risk," and has "resumed [his] career with positive results." (Doc. 71 at 1.) The United States does not oppose this Motion. (Doc. 72.)

Federal law provides that a court may "terminate a term of supervised release . . . at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). In determining whether to

-1-

terminate a term of supervised release, a court shall consider the factors set forth in

18 U.S.C. § 3553(a), including:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) deterrence; (3) protection of the public; (4) the need to provide the defendant with educational, vocational training, medical care or other rehabilitation; (5) the sentence and sentencing range established for the category of defendant; (6) any pertinent policy statement by the Sentencing Commission; (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (8) the need to provide restitution to any victims of the offense.

*United States v. Smith*, 219 Fed Appx. 666, 667 n.3 (9th Cir. 2007) (unpublished).

Here, the Court finds that Newman's conduct during his term of supervised release and the interests of justice warrant granting his Motion. As the United States points out, Newman's term of supervised release commenced on July 8, 2016, and he has not violated his release conditions since that time and "is classified as a low risk to reoffend." (Doc. 72 at 2.) Newman has completed nearly two thirds of his sentence of supervised release. The interests of justice will be best served by allowing Newman early termination of his supervision. Accordingly,

IT IS ORDERED that Newman's Motion (Doc. 71) is GRANTED. The term of supervised release imposed by the Court on December 4, 2015, is

TERMINATED as of the date of this Order. Newman is hereby DISCHARGED from the sentence of supervised release in this case.

DATED this 1st day of May, 2018.

/s/ Dana L. Christensen
Dana L. Christensen, Chief Judge
United States District Court